IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELISA GARZA, ROWLAND ESTRADA, STANLY ISAQ, FELICIA WOODS, BARRY TAYLOR, FOMOSHA TAYLOR, NGHI VO, DIANA MARTINEZ, JAMES BOHLIN, GREGZELL BROWN, TIFFANY HENRY, HEATHER ADAMS, DESMOND SMITH, AMANDA CAPPS, HALEY MASTERS, AMELIA GONZALEZ, JOE GONZALEZ, DANIKA YOUNG, ANDRIA GUERRA, LATONYA SMITH, ANTHONY RANDLE, BERNICE THOMAS ESAW, TAMICA THOMAS, AND EMMANUEL EMMANUEL, <br><br>   Plaintiffs, <br><br> VS. <br><br> THE UNIVERSITY OF PHOENIX, INC. and APOLLO EDUCATION GROUP, INC., <br><br>   Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§ <br><br> CIVIL ACTION NO. SA-21-CV-1221-FB |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE TO REPLEAD**

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (docket #10); Plaintiffs' Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint (docket #15); and Defendants' Reply in Support of Their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint (docket #16). This case involves allegations pursuant to the Texas Deceptive Trade Practices Act, for fraud, negligent misrepresentation, and restitution for unjust enrichment. Plaintiffs assert in their Complaint that "[s]ince at least 2012, Defendants misrepresented the benefits of graduating from [The] University of Phoenix." Defendants allegedly "falsely and misleadingly advertised working with certain prominent companies to develop curriculum and relationships with such companies [to] create[] career or employment opportunities specifically for [The] University of Phoenix graduates, to induce potential students to purchase educational products and services, and to remain students through

graduation." Plaintiffs assert they relied on these misrepresentations (referred to in the Complaint as Corporation Relationships Representations) in "choosing to purchase educational products and services from University of Phoenix."

Defendants contend the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to satisfy the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure. In order to prove their claims of fraud, negligent misrepresentation, violation of the DTPA, or unjust enrichment premised on the same set of facts, Defendants maintain the Plaintiffs must show that Defendants made false, material representations, and that Plaintiffs acted in reliance on those material misrepresentations resulting in some injury. Under Rule 9(b), Plaintiffs must "plead the who, what, when, and where" of the core elements of their claims, and they have failed to do so. Instead, the complaint alleges generally that most Plaintiffs saw or heard the misrepresentations at some point during a one to two-year time period and those misrepresentations were repeated by unidentified representatives of the Defendants at some unspecified time. Defendants contend "[t]his is not sufficient to satisfy any pleading standard, let alone the heightened pleading standard under Rule 9(b)." Moreover, Defendants assert that some of the claims are time-barred, and some of the alleged statements are not actionable or too general to be actionable.

In response, Plaintiffs contend they have satisfied not only the Rule 12(b) pleading standard but the heightened pleading standard of Rule 9(b) as well. Plaintiffs request, in the event this Court determines the motion to dismiss should be granted, that they be granted leave to amend to cure any pleading deficiencies. In reply, Defendants maintain once again the Complaint does not meet the pleading standards of Rule 9(b) as to the "who, what, when, and where" and the Response does nothing to address these deficiencies.

The Court has reviewed the allegations contained in the Complaint along with the arguments and authorities and standards of review presented by the parties in the motion, response, and reply.  Based on the arguments and authorities presented by the Defendants, the Court finds Defendants' Motion to Dismiss should be granted.  Accordingly, IT IS HEREBY ORDERED that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint  (docket #10) is GRANTED without prejudice to Plaintiffs  to replead their claims within 60 days from the date of this Order.

It is so ORDERED.

SIGNED this 29th day of September, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE